**Victor Manuel TAGLE,
Plaintiff-Appellant,**

v.

**CLARK COUNTY; et al., Defendants-Appellees.**

**No. 16-15556**

United States Court of Appeals,
Ninth Circuit.

Submitted February 14, 2017 *

Filed February 27, 2017

Victor Manuel Tagle, Pro Se

Robert Wilson Freeman, Jr., Esquire, Attorney, Lewis Brisbois Bisgaard & Smith, LLP, Las Vegas, NV, for Defendants-Appellees

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Nevada state prisoner Victor Manuel Tagle appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action brought on behalf of his minor children for alleged violations of their various constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997). We affirm.

The district court properly dismissed Tagle's § 1983 action because "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Id.* at 877. Because Tagle lacked standing, the district court properly determined that it lacked jurisdiction to hear Tagle's "Motion to Request Court's/Case's Records." *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 133 S.Ct. 1138, 1146, 185 L.Ed.2d 264 (2013) (standing is jurisdictional prerequisite).

We reject as unsupported by the record Tagle's contentions that the district court discriminated against him based on his financial status and was biased in favor of defendants.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Tagle's motions, filed on December 20, 2016, are denied.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.